UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHINJI SATO,<br><br>        Plaintiff,<br><br>    v.<br><br>SUDDENLINK COMMUNICATIONS, et al.,<br><br>        Defendants. | Case No. 18-cv-05213-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 19 |

This matter comes before the Court upon consideration of the motion to dismiss the first amended complaint filed by Suddenlink Communications ("Suddenlink") and Altice USA, Inc. ("Altice") (collectively "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and finds the motion suitable for disposition without oral argument. The Court VACATES the hearing scheduled for November 30, 2018, and HEREBY GRANTS Defendants' motion and GRANTS Plaintiff leave to amend. The case management conference set for November 30, 2018 at 11:00 a.m. is VACATED and shall be reset by further order, if necessary.

**BACKGROUND**

On July 16, 2018, Plaintiff filed a complaint in the Superior Court of the State of California, County of Humboldt. On August 24, 2018, Defendants removed the case to this Court on the basis of diversity jurisdiction.

In his original complaint, Plaintiff alleged that on October 10, 2011, "Defendant" hired him as an account manager, that he was injured on the job, made a workers' compensation claim, and was terminated on May 22, 2018. Plaintiff also alleged "Defendant" had made no attempt to accommodate or engage in the interactive process. (Complaint at ¶¶ 8-10.) Plaintiff did not

distinguish between the two defendants and did not include facts about the nature of his medical condition or physical disability, although he did allege that Defendants had knowledge of those conditions. He also alleged that he is of Asian descent. (*See, e.g., id.* ¶¶ 17, 27.)

Plaintiff brought three claims under California's Fair Housing and Employment Act ("FEHA"). First, Plaintiff alleges Defendants discriminated against him because of his disability and medical condition. Second, Plaintiff alleges Defendants discriminated against him because he is of Asian descent. Third, Plaintiff alleges Defendants retaliated against him based on the filing of a workers' compensation claim. Plaintiff also asserts a claim for wrongful termination in violation of public policy and a claim under California's Unfair Competition Law, Business and Professions Code sections 17200, *et seq.*

On September 20, 2018, this Court granted Defendants' motion to dismiss the complaint on the basis that the allegations in the original Complaint were insufficient to state a claim. On October 5, 2018, Plaintiff filed his First Amended Complaint, which added a few barebones allegations regarding the relationship of the named defendants, listed several alleged disabilities, and added the allegation that Plaintiff had provided a doctor's note requesting accommodation, and that when Plaintiff was terminated on May 22, 2018, no reason was given for his termination despite his requests. (First Amended Complaint ("FAC") at ¶¶ 4, 5, 11, 14.) On October 19, 2018, Defendants again moved to dismiss the First Amended Complaint for failure to state a claim.

The Court shall address additional specific facts in the remainder of its order.

**ANALYSIS**

Defendants move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and

2

a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

Defendants argue that Plaintiff again fails to satisfy *Twombly*'s pleading standards. With the filing of the amended complaint, Plaintiff's allegations are still devoid of factual support. Plaintiff lists several alleged disabilities, including encephalitis causing seizures and acne, a thumb wound, and a back injury and that he produced a doctor's note requesting accommodation. (FAC at ¶ 11.)

In order to make out a claim for disability discrimination based on a disparate treatment theory under FEHA, Plaintiff must establish that he suffers from a disability, is otherwise qualified to do the job with or without reasonable accommodations, and was subjected to an adverse employment action because of his disability. *See Faust v. Cal. Portland Cement Co.*, 150 Cal. App. 4th 864, 886 (2007). Plaintiff again fails to state with clarity the nature of his disabilities, some of which may not qualify as disabilities, or for which of the listed ailments he actually sought accommodation. In order to qualify as a disability under FEHA, Plaintiff must have suffered a physiological disease, disorder, or condition affecting one or more body systems that "limits" a "major life activity." Cal. Gov't Code § 12926(m)(1)(A), (B). A condition "limits" a major life activity if it "makes the achievement of a major life activity 'difficult.'" *Id.* at (m)(1)(B)(iii). California regulations exclude from the list of qualified disabilities those conditions which are mild, which do not limit a major life activity, as determined on a case-by-

3

case basis.

Here, with the additional facts pled regarding Plaintiff's acne, thumb wound, and back injury, neither the Court nor Defendants can ascertain whether these conditions meet the legal definition of a disability. Nor do the scarce additional facts allow the Court or Defendants to ascertain the extent of these conditions and whether they limit a major life activity or whether they affected Plaintiff's ability to perform his job.

Similarly, the amended complaint merely recites that Plaintiff provided a doctor's note to his employer, but does not specify whether or what accommodations Plaintiff needed or sought, whether the requested accommodations would enable him to perform his essential job functions, or whether any possibly requested accommodations were reasonable.

Plaintiff again fails to allege facts supporting the position that his termination was causally related to his disability. His allegation that he asked for the reasons for his termination and was given none does not necessarily support the contention that his termination was based on his disability. *See, e.g., Gamble v. Greater Cleveland Regional Transit Authority*, No. 15-4208, 2017 WL 5135537, at *2 (6th Cir. June 2, 2017) ("[A]ll Gamble alleges in his complaint is that he believes that he was fired because of his disability. An allegation of discriminatory intent this conclusory, however, is not enough to establish entitlement to relief." (citation omitted)); *Estrada v. Gate Gourmet, Inc.*, No. 17-cv-1100-MWF, 2017 WL 2468773, at *4 (C.D. Cal. June 6, 2017) ("Plaintiff points to sections of the FAC that allege certain actions were taken 'because of [Plaintiff's] gender,' but such conclusory allegations are inadequate under the operative pleading standard."). Because Plaintiff still has not pled sufficient facts supporting the elements of the claim, he fails to state a prima facie case for discrimination under FEHA.

Plaintiff similarly does not allege sufficient facts to support a claim that he was discriminated against due to his ethnicity, pleading only that Defendants knew he was of Asian descent but no further allegations that his ethnicity was a causally related to his termination or that he was treated differently from others. With no substantive change from the original complaint, the Court again dismisses this claim as insufficiently pled. *See Iqbal*, 556 U.S. at 678.

Lastly, without any substantive changes to his original conclusory allegations, the Court

against dismisses Plaintiff's claims for retaliation, wrongful discharge in violation of public policy, and derivative claim for unfair competition.

The Court concludes Plaintiff has again failed to sufficiently allege facts to support his claims for relief. However, the Court will once again grant Plaintiff leave to amend. If Plaintiff files an amended complaint, he must take care to support the elements of each of his claims with sufficient facts to state such claims. This shall be the final time the Court will grant leave to amend. Further, should Plaintiff's counsel be late in filing for the third time, such filing shall be stricken.[1]

Plaintiff's second amended complaint shall be due by no later than December 14, 2018. Defendants shall answer or otherwise respond within the time permitted by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: November 14, 2018

_____
JEFFREY S. WHITE
United States District Judge

---

[1] Plaintiff filed his opposition to the first round motion to dismiss three days late without explanation. Plaintiff again filed his opposition to the current motion to dismiss late and only after a reminder call from this Court's deputy. Any further unexcused late filing will not be accepted by the Court. In addition, facts alleged in the opposition brief but which do not appear in the complaint will not be considered.